124 Ind. App. 648 (1954)
120 N.E.2d 413
JACKSON
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.
No. 18,514.
Court of Appeals of Indiana.
Filed June 29, 1954.
*649 Sydney L. Berger, of Evansville, for appellant.
Edwin K. Steers, Attorney General, William S. McMaster, Deputy Attorney General, and John M. Harrigan, Attorney for the Review Board, for appellee.
KELLEY, P.J.
The appellee Review Board, one member dissenting, rendered the following decision which is challenged by appellant as being contrary to law:
"The Review Board holds that the claimant (appellant) failed without good cause to accept the referral and apply for an offer of suitable work on July 21, 1953, and is ineligible for her benefit rights for the week ending July 25, 1953, and the next five weeks immediately following in addition *650 to having her maximum benefit amount reduced by six times her weekly benefit amount. The decision of the referee is affirmed.
"Dated this 6th day of November, 1953."
The decision is founded upon a statement of facts, findings and conclusions of the Board, which are, in pertinent substance, as follows:
"STATEMENT OF FACT: The claimant was employed by an employer at Evansville, Indiana engaged in the manufacture of refrigerators from August 14, 1952, to May 12, 1953, at which time she was laid off because of the lack of work and her prospects of being recalled were indefinite because of her short period of seniority. The claimant had filed a claim for unemployment compensation on April 8, 1953, during a previous period of unemployment, which she renewed upon being laid off on May 12, 1953. The claimant drew benefits through week ending July 18, 1953. On July 21, 1953, the claimant was called by an interviewer of the local employment office relative to an opening as a salesclerk at a local store. The claimant displayed a total lack of interest in the available work because she wanted to wait for work in a factory. The claimant had had previous experience as a salesclerk and the only reason she preferred factory work was because it afforded better wages. The claimant was totally unemployed from May 12 through July 21, 1953, the date she was called by the local office interviewer."
"FINDINGS AND CONCLUSIONS: ... that the claimant was totally unemployed from May 12, 1953, to July 21, 1953, on which date she was called by an interviewer of the local employment office relative to a job opening as a salesclerk in which she had had previous training and experience; that the claimant showed a total lack of interest in the job as a salesclerk and because of such fact she was not offered the referral.

"The Review Board further finds that the claimant's attitude toward the work as a salesclerk constituted a failure to accept the referral because *651 it would have been useless for the interviewer to have offered it to her and the law does not contemplate doing a useless thing.
"The Review Board further finds that the claimant was qualified by training and experience for the job as salesclerk; that work as a salesclerk would not have been detrimental to her health, safety or morals; that in view of the claimant's long period of unemployment and her lack of prospects of obtaining factory work, which she preferred, the claimant did not have good cause to refuse to accept the referral and apply for the work as a salesclerk on July 21, 1953.
"The Review Board further finds that the claimant failed without good cause to accept the referral and apply for an offer of suitable work on July 21, 1953, and is subject to the statutory disqualification." (Our emphasis).
The evidence adduced at the hearing before the referee, and reviewed by the Board, consisted only of appellant's testimony. The condensed recital of said evidence, as set forth in appellant's brief, is unchallenged by appellee. Therefore, it seems appropriate to incorporate herein, without the transcript reference, the undisputed evidence as thus recited:
"My name is Ila M. Jackson. My address is 927 East Mulberry Street, Evansville, Indiana. I was laid off from Servel on May 12th. At that time I was in Department 43-A. That was civilian work. I had previously worked in the Wing Plant, Department 85, where I did wing drilling. I did water testing in the Civilian Plant. It ran around $1.80 an hour in the water testing. I started to work the 14th day of August, 1952. I had worked there several years before. As far as Servel is concerned I have made myself available for anything. I signed up in the pool for any shift, anything that came along. The Employment Office called me on July 21st regarding possible employment. They asked if I was interested in sales work or did I plan on going back to Servel. I did not say anything to her when she called about working *652 in any other factories, but she said she remembered that I did want factory work. She said she could probably place me in sales work. I told her I planned on going back to Servel. I indicated that I was available for factory employment other places besides Servel. No I was not called about a sales job paying $27.00 a week, plus 2% commission. I was called and asked whether I was interested in sales work and when I answered "No", the interviewer did not go any further. I have done extra sales work at Scherr's. If I was taking a job at $27.50 a week, I figure my expenses would be at least $16.00. Bus fare, 6 days, 30c a day, $1.80; Lunch, 7 meals, at 75c a meal would be $5.25; dry cleaning when you work in a place like that would run around $2.00 a week; Social Security and taxes deducted would run around $6.00 or $6.50. I would also have to buy one pair of hose a week when working, which would add up to $16.50. That would leave me $11.00. The 2% commission meant nothing because you had to wait so long for the commission, which I know from the little extra work I've done in sales work. I have made it clear that I am interested in other factory work besides Servel. I have went to other places, Seeger, International Harvester, etc. All my life I have done factory work and I would like to stay in factory work. I told Mr. Graper they said at Servel that after August 17 they would be back from vacation then and it would not be too long after that before I expected to be back at work. This office has sent me to Scherr's for extra sales work. I worked Christmas time, dollar days, etc., before I worked at Servel, but I had my application in at Servel and was waiting to be called and I went as soon as they called me. My prospects at Servel are rather indefinite but they told me after they got into my seniority I would be called. It was before I went to Servel that I worked as a sales person. The only store I worked in similar to the Toggery was Sherr's. I have spent most of my life before working at Servel, working in factories in Tennessee. I contend that with as many factories as we have in this town, I am better qualified for factory work and Chrysler *653 told me to check back in 90 days. If after trying for a long time to find factory work but I want to make sure there is no factory work, I would consider something else." (Emphasis supplied).
The question raised on this appeal is whether the facts found by the Board support its said decision and whether the findings are sustained by the evidence.
§ 52-1542k of the Indiana Employment Security Act, being §§ 52-1525 to 52-1563b, inclusive, Burns' 1951 Replacement and 1953 Cum. Pocket Suppl., provides, in part: "... An assignment of errors that the decision of the Review Board is contrary to law, shall be sufficient to present both the sufficiency of the facts found to sustain the decision, and the sufficiency of the evidence to sustain the finding of facts...." The same § 52-1542k provides: "Any decision of the review board shall be conclusive and binding as to all questions of fact."
With reference to said provisions of the act, our courts have held that we are not at liberty to weigh the evidence and that we can disregard the facts as found by the board only in the event they are not sustained by any evidence of probative value. Merkle v. Review Board of The Indiana Employment Security Division et al. (1950), 120 Ind. App. 108, 111, 90 N.E.2d 524; Arthur Winer, Inc. v. Review Board of The Indiana Employment Security Division et al. (1950), 120 Ind. App. 638, 640, 95 N.E.2d 214.
It has further been held that by the express provisions of the statute (Burns' 1951 Replacement, § 52-1542e) the right of the parties in these cases need not be determined under common law or statutory rules of evidence and other technical rules of procedure. Walton v. Wilhelm et al. (1950), 120 Ind. App. 218, 227, 91 N.E.2d 373. The court in that case quotes with approval from the holding in *654 the case of Sturdevant Unemployment Compensation Case (1946), 158 Pa. Super. 548, 45 A.2d 898. Said quotation includes the following pertinent considerations of the Pennsylvania court concerning proceedings before administrative boards:
"... Many integrants enter into the calculation, some resting on testimony, others upon specialized data and information peculiarly accessible to administrative agencies, and of which they may take official notice just as a court may take judicial notice. Of course, such information should be placed upon the record, and the parties apprised of it, so that the essentials of a fair hearing are preserved. Our examination of the record in contests concerning availability must ordinarily be limited to the determination whether the board's findings of fact are sustained by the evidence. ..." (Our emphasis).
Referring to the aforesaid findings of the appellee board, there appears no finding that the appellant was directed to apply for available, suitable work by the director, the deputy, or an authorized representative of the state or the United States employment service, as provided in § 52-1539a, Burns' 1953 Suppl. The record, including the above quoted condensed recital of the evidence, discloses no evidence of any such direction to appellant. It follows that that portion of the Board's decision holding that appellant "failed without good cause to ... apply for an offer of suitable work" is not supported by the findings or the evidence. In Muncie Foundry Division of Borg-Warner Corporation v. Review Board of Unemployment Security Division, et al. (1944), 114 Ind. App. 475, 482, 51 N.E.2d 891, it was held that:
"... he (employee) is disqualified for failure to apply for available, suitable work only when he has been directed to do so by the director or the deputy of the Indiana Employment Security Division." *655 (Emphasis supplied.) The statute has been since amplified by adding "or an authorized representative of the state or the United States employment service."
With reference to the Board's decision that appellant "failed without good cause to accept the referral," the findings state that "she was not offered the referral." The words "offered the referral," as used in the context of the Board's findings and decision, are accepted to mean "offered the job or work" as a salesclerk. In apparent exculpation of the finding that the work was not offered to appellant, the Board finds that appellant "showed a total lack of interest in the job as sales clerk" and that her "attitude toward the work as a salesclerk constituted a failure to accept the referral because it would have been useless... to have offered it to her ..."
In view of the oft expressed intent and purposes of the Employment Security Act as social legislation, it would seem to do no violence to the orderly plan and scheme thereof to indulge a reasonable judicial liberality in considering the appropriateness of a finding of the Board that all the attendant circumstances shown by the evidence establish claimant's want of good cause or that the claimant is not unemployed through "no fault" of his own. However, such liberality must be, of necessity, consonant with the principle that the findings of fact must be supported by evidence of probative value. As pointed out in the Sturdevant case, the examination of the record "must be limited to the determination whether the board's findings of fact are sustained by the evidence." (Our emphasis.)
It appears from the record here before us that appellant became unemployed through no fault of her own and that on April 8, 1953, she applied for benefits and registered for unemployment. On May 12, 1953, *656 she renewed her application for benefits. She drew benefits from May 12, 1953 through week of July 18, 1953. Nothing appears in the record to indicate any objection by anyone to the payment to her of said benefits or that she had failed to qualify therefor. It may be assumed that her eligibility was determined each week by the deputy as provided for under the provisions of § 52-1542a(d), Burns' 1953 Suppl.
On July 21, 1953, the deputy determined her eligibility for benefits and held that "Claimant's availability for work is restricted in that she is available only for recall to her former employer." He concluded that because of her restricted availability her benefits should be "suspended" as of July 21, 1953. Appellant made proper request for a hearing before the referee. After a hearing, the referee modified the determination of the deputy and held that "claimant failed without good cause to accept an offer of work on July 21, 1953 for which she is disqualified for benefits for a period of 6 weeks and her maximum benefits are reduced by 6 times her weekly benefit amount." The referee made this determination upon the evidence hereinabove set out. Appellant then requested and was granted an appeal to the Review Board, and the latter, without the presentation of any additional evidence, entered the findings and made the decision set out in the fore part of this opinion.
Thus it is apparent that the referee and the Board found no question as to appellant's availability for work, as had the deputy. Instead, the latter's determination was entirely discarded in favor of the Board's finding that appellant refused to accept a referral (which the Board found was never made) and was therefore disqualified for benefits in addition to being penalized as to the amount of her maximum benefits.
*657 The statute, § 52-1539a, Burns' 1953 Cum. Suppl., provides, for the purpose of determining a ground of ineligibility of a claimant thereunder, that suitable work be "found for and offered to him by the director, the deputy, an authorized representative of the state or the United States employment service, or by an employing unit ..." Under said section, an individual becomes ineligible for benefit rights for failure to accept work only if the division finds that he fails without good cause to accept offered suitable work when found for and offered to him by the designated authorized officials or when offered to him by an employing unit.
The record here presents the circumstance of appellant, apparently in all respects qualified and actually receiving compensation benefits, being deprived thereof and suffering an added penalty, not because she failed to accept suitable work found and offered to her, as provided by the act, but because she "showed a total lack of interest in the job as salesclerk."
In this connection, the situation considered by the court in Stella v. Downyflake Restaurant et al. (1940), 126 Conn. 441, 11 A.2d 848, is of interest. In that case it appears that Stella worked at a soda fountain in the said Downyflake Restaurant. She terminated her employment, married, and four months later made claim for benefits. Her original registration card bore a notation "does not like waiting work," and from evidence before him, the commissioner found that "she does not care to accept a job as a waitress, because her education fits her for other types of employment than a waitress ..."
The statute there involved, insofar as it pertains to the failure to accept offered work, is closely akin, in phraseology, to our own. No employment as a waitress had been offered Stella and the question was whether she was rightfully denied benefits because of the character *658 of her registration and the evidence given before the commissioner. The court said:
"We do not construe either the registration of the plaintiff or her subsequent attitude, as definitely excluding waitress work ... Certainly the declaration in her registration that she `does not like' that work does not amount to a refusal to accept it, nor does the finding, or the evidence before the commissioner, that she does not `care to' work as a waitress.... all the statute ... appears to require is that the claimant be `available for work' so that, it would seem, ineligibility for benefits because of exclusion, by a claimant, of any certain class or kind of employment would arise through failure to apply for, when directed, or accept when offered, work determined by the administrator to be suitable for the individual ... It does not appear that the plaintiff has been directed to apply for or been offered employment as a waitress ... If she should be offered and refuse employment as a waitress, and the administrator ruled it to be suitable, determination as to the effect of such refusal, including the validity of the ruling, would be appropriate...." (Emphasis supplied.)
All that appears from the record and evidence before us is that appellant desired factory work because she had engaged in factory work "most" of her life and wanted to be sure no factory work was available before taking something else. There is no evidence of dishonesty or bad faith. Her responses indicate sincerity and frankness.
It must be recognized, of course, that where work is found for and offered to a claimant, which the division finds to be suitable and to meet the various requirements of § 52-1539a as to health, morals, travel distance, pay rate, etc., the claimant cannot arbitrarily set up his own conditions, desires, likes, dislikes, and other personal and selfish factors as reasons for refusal to accept the offered employment and, at the *659 same time, claim eligibility for benefits. Such is not the purpose and intent of the act.
In the instant case, the evidence fails to show that definite employment was offered to appellant. It does not appear that appellant was apprised by the Board or anyone else of the essential matters mentioned in the statute. § 52-1539a(b) declares that notwithstanding any of the other provisions of the act, no work shall be deemed suitable, and benefits shall not be denied ... if the remuneration, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.
The Board finds from said evidence that appellant "showed a total lack of interest in the job as a salesclerk." As stated, we do not find from the evidence that appellant was offered a job "as a salesclerk." Appellant testified she was called by the Employment Office. The position or authority of the person making the call is not divulged. Appellant further testified "She said she could probably place me in sales work"; that the interviewer asked "if I (appellant) was interested in sales work or did I intend to go back to Servel," and that when appellant answered "No" the interview went no further.
The facts, as found by the Board, do not support the decision and the evidence does not sustain the findings.
The decision of the appellee Review Board is reversed.
Achor, J., dissenting opinion, in which Royse, J., concurs.

DISSENTING OPINION
ACHOR, J.
Although the evidence may conclusively disclose that suitable work was not actually "offered" to appellant and not "accepted" by her as expressly provided by Section 52-1539a, Burns' 1951 Replacement *660 (1953 Supp.), and although we conclude that the decision of the Employment Security Division based on a contrary finding is erroneous, this does not fully dispose of the issues affecting appellant's claim.
It is established by the record that on July 21, 1953 the director or his deputy determined that "Claimant's availability for work is restricted in that she is available only for recall to her former employer," and on the basis of that determination denied further benefits. It is assumed that this determination was made pursuant to § 52-1542a (d), Burns' 1951 Replacement (1953 Supp.). This determination placed in issue anew claimant's right to benefits. § 52-1539a, supra.
As stated by this court through Judge Draper in the case of Walton v. Wilhelm (1950), 120 Ind. App. 218, 223, 224, 91 N.E.2d 373:
"Claiming, registering and reporting are necessary prerequisites to the right to receive benefits. `Availability for work' is an added requirement...."
"The appellant had the burden of establishing his `availability for work' within the meaning of Burns' 1933 (1949 Supp.), § 52-1538b (1953 Supp.). Therefore, like any other party who has the burden of proof and who has been unsuccessful below, he comes to this court under the obligation of showing that the evidence, as construed most favorably to his adversary, entitled him to relief which was denied him. Haynes v. Comm. (1944), 353 Mo. 540, 183 S.W.2d 77; Copeland v. Comm. (1946), 197 Okla. 429, 172 P.2d 420; Wilson, Admx. v. Rollings (1938), 214 Ind. 155, 14 N.E.2d 905; Pearson Co. v. Cohen (1949), 118 Ind. App. 699, 83 N.E.2d 433."
"We think availability involves an actual attachment to the labor force. A good faith offering of the claimant's services is a prerequisite to availability. Exposure to the labor market must be sincere and unequivocal...."
*661 The director in the discharge of his statutory responsibility (§ 52-1542a(d), Burns' 1951 Repl.) (1953 Supp.), determined in effect that appellant had not made a "sincere and unequivocal" offering of her services to the labor market. This determination placed in issue the fact as to appellant's availability for work.
As above stated, the appellant had the burden of establishing her "availability for work" within the meaning of § 52-1538b, supra. Walton v. Wilhelm, supra. I find no evidence in the record which requires a conclusion as a matter of law that appellant had made a sincere and unequivocal offering of her services to the labor market. Therefore, I find no reversible error based upon the sufficiency of the evidence in the case.
However, the Employment Security Division failed to discharge its duty by making a specific finding of fact upon the issue of appellant's availability for work. Stoner v. Howard Sober, Inc. (1954), 124 Ind. App. 581, 118 N.E.2d 504.
Therefore, in my opinion the cause should be remanded to the Division with instructions to make proper findings of fact upon the issues presented.
Royse, J., concurs in dissent.
NOTE.  Reported in 120 N.E.2d 413.