**Randolph COLE, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION
and York Enterprises of Texas,
Inc., Appellees.**

**No. 17954.**

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 23, 1978.

Rehearing Denied March 23, 1978.

Kay Fulgham, Tarrant County Legal Aid Foundation, Fort Worth, for appellant.

John L. Hill, Atty. Gen. of Texas, and Gayle Johnson Cipriano, Asst. Atty. Gen., Austin, for appellee Texas Employment Commission.

Ken Carpenter, Arlington, for appellee York Enterprises.

## OPINION

MASSEY, Chief Justice.

Randolph Cole, claimant for unemployment compensation under provisions of the Texas Unemployment Compensation Act, V.A.T.S. Title 83, "Labor", Chapter 14, "Unemployment Compensation", Art. 5221b–1, et seq. appealed from denial of benefits by the Texas Employment Commission to the County Court at Law, Tarrant County, Texas. Therein was further denial of his claim by a judgment. Therefrom he perfected his appeal.

We affirm the judgment.

At the outset we are confronted by a challenge of both our own and the jurisdiction of the County Court at Law (where the challenge was rejected) because Cole's appeal by the filing of his suit in the County Court at Law was one day early. Because of such premature filing, says the Commission (and by inference also Cole's former employer, York Enterprises of Texas, Inc.) the County Court at Law did not acquire jurisdiction to entertain any appeal from the final ruling and order of the Commission and should not have entertained Cole's suit. The ground is obviously technical; presenting the proposition that Cole has wholly lost his case because he did not file his suit "within ten (10) days after the decision of the Commission has become final, *and not before,* . . ." (emphasis supplied) as is provided by Art. 5221b–4(i), "(Claims for benefits)—Court Review".

We decline to dismiss the case for reasons to be stated. Before amendment in 1955 (see General and Special Laws of Texas, 54th Legislature, Regular Session, 1955, Chapter 116, p. 399, et seq. and especially p. 402) the material part of the Act provided that a claimant was entitled to review of his claim in court if "Within ten (10) days after the decision of the Commission has become final, and not before, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction . . etc." The important words "and not before" were added by the 1955 amendment.

Before the 1955 amendment the Supreme Court had held that because of ambiguity in pertinent parts of the Act a suit prematurely filed as an appeal from the decision of the Commission did not have the effect of defeating the jurisdiction of the court in which it was filed merely because it was premature; that the suit was nevertheless effective and invoked the jurisdiction of the court to hear and decide the case presented. *Texas Employment Commission v. Steward Oil Co.*, 153 Tex. 247, 267 S.W.2d 137 (1954).

In the present instance the same question is presented with the same provision of the Act advanced because at the first Legislative session after the aforementioned opinion of the Supreme Court, it was deemed appropriate to amend the part of the Act with which we are concerned by inserting the words "and not before".

As presently constituted, and in effect at all times material to this case was V.A.T.S. Art. 5221b–4, "Claims for benefits", which for our purposes made material provisions as follows:

"(a) Filing: Claims for benefits shall be made in accordance with such regulations as the Commission may prescribe.

. . .

"(b) If such individual . . . has filed . . . an examiner shall make a determination . . . and shall mail a copy of the determination to the claimant . . . .. Unless the claimant . . . files an appeal . . . within twelve (12) calendar days after such . . . determination shall be final for all purposes . . . provided . . . unless an appeal therefrom is filed . . . within twelve (12) calendar days after a copy of such redetermination was mailed to his . . . last known address . . . ..

"(c) Appeals: Unless such appeal is withdrawn, an appeal tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm or modify the determination of the examiner. The parties to the appeal shall be duly notified of such tribunal's decision, together with its reasons therefor, which shall be deemed to be the final decision of the Commission, unless within ten (10) days after the date of mailing of such decision, further appeal is initiated pursuant to subsection (e) of this Section.

"(d) Appeal Tribunals: To hear and decide disputed claims, the Commission, if it is necessary to insure prompt disposal of cases on appeal, shall establish one or more impartial appeal tribunals consisting in each case of a salaried examiner.

"(e) Commission Review: The Commission may on its own motion affirm, modify, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it. The Commission may remove to itself or transfer to another appeal tribunal the proceedings on any claim pending before an appeal tribunal. Any proceeding so removed to the Commission shall be heard by a quorum thereof. The Commission shall promptly mail to the parties before it a copy of its findings and decision.

"(f) Procedure: The manner in which disputed claims shall be presented, the reports thereon required from the claimant and from employers, or other individuals or organizations, and the conduct of hearings and appeals shall be in accordance with rules or regulations prescribed by the Commission for determining the rights of the parties. A full and complete record shall be kept of all proceedings in connection with a disputed claim. All testimony at any hearing upon a disputed claim shall be recorded, but need not be transcribed unless the disputed claim is further appealed.

.    .    .    .    .

"(h) Appeal to Courts: Any decision of the Commission shall become final ten (10) days after the date of mailing thereof, unless, within such ten (10) days, the appeal is reopened by Commission order or a party to the appeal files a written motion for rehearing, and judicial review of any final decision of the Commission shall be permitted only after any party claiming to be aggrieved thereby has exhausted his remedies (not including a motion for rehearing) before the Commission as provided by this Act. The commission shall be deemed to be a party to any judicial action involving any such decision and may be represented in any such judicial action by any qualified attorney who is a regular salaried employee of the Commission and has been designated and appointed for that purpose by the Attorney General of Texas.

"(i) Court Review: Within ten (10) days after the decision of the Commission has become final, *and not before*, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, in which action any other party to the proceeding before the Commission shall be made a defendant, . . . .." (Emphasis supplied.)

It is obvious that, if the Commission's jurisdiction may be said to have ceased by perfection of an appeal therefrom into court, premature filing of the case in court by a single day would cause the Commission to be unable to reopen the case on its own motion on the tenth day after its decision, or to entertain a motion for rehearing by the Commission because of suit having been filed. Yet there is provision that judicial review of any final decision of the Commission shall be permitted after any party claiming to be aggrieved thereby has exhausted his remedies before the Commission.

In the case before us the Commission did not desire to reopen the case before it on its own motion at any time, and Mr. Cole's adversary, his former employer, York Enterprises of Texas, Inc., never desired any rehearing for it was completely victorious by the ruling and decision of the Commission. Cole, as a party aggrieved, could have filed a motion for rehearing before the Commission on the tenth day but chose not to do so. Instead, he filed his suit in court on the tenth day; a suit as applied to which there would have been no question had he filed his suit on the eleventh day. Of course the "judicial review" took place after such tenth day.

■ Hence the question: Assuming for the purpose that to receive a judgment for unemployment compensation is or would be the right of claimant, Cole, has he lost his right because he was one day early in filing his case in court? Our holding is that Cole has not lost his right; that the potential jurisdiction of the trial court in which he prematurely filed his suit became vested, as distinguished from potential, on the eleventh day following the ruling and decision of the Commission, because nothing occurred through action of the Commission or Cole's former employer operative to effect a delayed vestment of the court's jurisdiction or of Cole's qualification to proceed; that Cole became "qualified" as a party plaintiff in the court on the same eleventh day; that the subsequent acquisition of jurisdiction of the parties defendant having

been acquired made of the case before the court in which suit had been filed one ripe for its final adjudication. The foregoing is by our statutory construction of the pertinent parts of the Act.

■ We recognize that a rather remarkable change was made in the rules relating to statutory construction by Acts of the 60th Texas Legislature, p. 1036, ch. 455, effective September 1, 1967. Under V.A. T.S. Title 87, "Legislature", Art. 5429b–1, "Statutory revision program, Sub-Chapter C., Construction of Statutes", (Art. 5429b–2) § 3.01, et seq. To be observed is that it is to be presumed that in enacting legislation the Legislature intended a just and reasonable result and a result feasible of execution is intended. Whether or not a statute be deemed ambiguous on its face we are obliged, in its construction, to consider among other things the object sought to be obtained and the consequences of any particular construction.

The objective of the Unemployment Compensation Act would be possible to be defeated in instances where, perhaps through mistake, a suit such as that in this case is prematurely filed should our statutory construction be that because of that mere fact there would be denial of a right to obtain one's "day in court".

■ The Legislative intent has always been a matter proper to be considered in statutory construction. Also it has long been considered proper to look to the policy and spirit of the law when injustice will result from the construction of a statute according to its literal import; to seek to construe it so as to avoid such a result where that is possible. Additionally, we have always been enabled to liberally construe statutes pertaining to matters of procedure with the view of preserving a litigant's right of appeal, while strictly construing a statute which prescribes conditions precedent to the maintenance of an action. See generally 53 Tex.Jur.2d "Statutes", and the sections thereof pertaining to statutory construction. By the laws upon statutory construction, effective September 1, 1967, these principles have been emphasized.

We deny the motion to dismiss at the appeal stage. We likewise hold that the trial court properly refused to dismiss Mr. Cole's suit; and that it properly proceeded to consider his case on its merits, and by the Substantial Evidence Rule.

However, though the appeal is not to be dismissed, Cole may derive little comfort for, as already indicated, we affirm the judgment of the trial court in denial of his claim for unemployment compensation.

To be noted from the law quoted, as Sec. (f) "Procedure" under Art. 5221b–4, is that "All testimony at any hearing upon a disputed claim shall be recorded, but need not be transcribed unless the disputed claim is further appealed." In the case before us there was not made a part of the record in the trial court any transcribed testimony before the Commission. The record does show that by or before the Commission occurred the following: (a) The decision of the Appeal Tribunal of the Commission, following the hearing date on May 18, 1976 at Ft. Worth, Texas, of Cole's appeal filed April 22, 1976 from the original denial of his claim for benefits, "mailed" on May 21, 1976, and embodying above the signature of R. P. Bonner, Appeals Referee, certain CASE HISTORY, FINDINGS OF FACT, CONCLUSIONS, AND DECISION. Therewith was the statement that "The determination dated April 19, 1976, disqualifying the claimant six weeks of benefits under Section 5(a) of the Act, is affirmed."; (b) the decision of the Commission itself, upon review of Cole's claim, "mailed" on June 30, 1976, and affirming the decision of the Appeal Tribunal because of the Commission's opinion that the case was properly decided by such tribunal, with its findings of fact and conclusions of law adopted; and (c) the ruling of the Commission itself, upon the motion for rehearing of its earlier ruling and decision (on June 30, 1976), which by its order mailed July 28, 1976, was one denying Cole the rehearing for which he prayed.

As already stated there was not transcription of any testimony at any hearing upon Cole's disputed claim while the Commission's jurisdiction obtained; or, at least none was proved or introduced at the trial before the County Court at Law. Matter nearest approaching the character of testimony was the CASE HISTORY, etc., mentioned in the paragraph of this opinion immediately preceding. Therein, under CASE HISTORY was recitation that by an earlier determination (April 19, 1976) Cole voluntarily left his employment without good cause connected with the work of his employer; under FINDINGS OF FACT was recitation that Cole's services were no longer needed at Arlington, place of employment prior to severance, and that he declined transfer to Dallas or Irving because of the commuting distance; under CONCLUSIONS was statement that Cole quit work of his own volition for the reason that he was unwilling to transfer to another location, and that this was not good cause of his voluntary termination as the commuting distance was not substantially less favorable as compared with his prior employment at Arlington; and by statement under DECISION, was that "The determination dated April 19, 1976 disqualifying the claimant six weeks of benefits under Section 5(a) of the Act, is affirmed."

■ We consider it our duty to seek and identify the ruling and decision which the trial court has by its own judgment found to have had support by substantial evidence (which actually was, or could have been, produced against Cole's claim before the Commission.) With that ruling and decision identified it is our duty to affirm the trial court unless it be found that Cole established (at the trial court hearing) that there was no substantial evidence to support the ruling and decision of the Commission. Actually it is a simple matter to affirm the trial court because of the failure on the part of Cole to prove the state of the evidence at the hearing or hearings held before the Commission.

However, by certain evidence before the court it was indisputably proved that Cole was not offered any employment at any other location at time of his termination. What was not shown was that the contrary had not been proved at some prior hearing

before the Commission. Cole's own evidence before the Commission might have been to the contrary. Perhaps, upon a change of theory, it might have been at the court hearing that he first chose to adopt the testimony of the employer (and that of another which supported the employer) which indisputably proved that at the time his employment was terminated his employer not only did not make the offer, but furthermore had not the power to offer to transfer Cole. It was proved by the employer himself that he had no store at the locations mentioned in the FINDINGS OF FACT by the Appeals Referee. Of this Cole sought to claim advantage and as support for his contention that this court should reverse the judgment of the trial court. However, Cole neglected to refute the employer's testimony that it was the act of Cole, himself, that his employment was terminated and that it was of his own volition he ceased as an employee.

Analyzed, the main contention of Cole is that all components of the Commission's decision in the FINDINGS OF FACT and CONCLUSIONS must be supported by substantial evidence—as from his opponent at the hearing(s) of the Commission and its agencies for the purpose—and that the mere showing of the contrary by the undisputed evidence at the hearing in court, (without necessity of showing what the evidence was while the jurisdiction of the Commission continued to obtain), sufficed to establish his right to have the judgment reversed.

■ In such an interpretation of the substantial evidence rule Cole has materially erred. The validity of the Commission's order is not to be measured by the reason it gives for making it. The conditions as actually existent at time of its hearing is the controlling inquiry, and in the review of the Commission's order it is the legal effect these had upon the rights of the parties (as their situation actually existed at time of the hearing) which controls. *Railroad Commission v. Magnolia Petroleum Co.*, 130 Tex. 484, 109 S.W.2d 967, 970 (1937).

■ Furthermore, and in any event, Cole chooses to disregard that at the trial in court he failed to give any reason for leaving his job and by the state of the record we cannot know the reason, if any, he gave at the Commission hearing stage. It was a part of Cole's burden to prove that the Commission's decision (by evidence at any hearing before it plus any other which might have come in before the trial court) was arbitrary, capricious and wholly without regard to the facts. There is no doubt that it was the finding that Cole had quit voluntarily without good cause connected with his work which was the material reason for the ruling and decision from which there was appeal.

■ Already mentioned is that at the court trial level the only evidence produced was to the effect that Cole quit his job voluntarily; evidence which Cole never at any time contradicted. This evidence sufficed in and of itself to sustain the antecedent order of the Commission. The evidence is proper to be considered under the Substantial Evidence Rule as what was proved at the Commission hearing stage because it could have been there proved—whether or not introduction of the proof was actually deferred until the time of the trial of the case in court. *Potter v. Sun Oil Co.*, 144 Tex. 151, 189 S.W.2d 482 (1945); *Gerst v. Nixon*, 411 S.W.2d 350 (Tex.Sup.1966). In this the use of the Rule in Texas is somewhat unique and usually different from use of similar rules in other jurisdictions. Larson, "The Substantial Evidence Rule: Texas Version", 5 Sw.L.J. 152 (1951); Harris, "A Reappraisal of the Substantial Evidence Rule in Texas Administrative Law", 3 Sw. L.J. 416 (1949); Harris, "The Administrative Law of Texas", 29 Tex.L.Rev. 213 (1950); and Roberts, "The Trial of Administrative Appeals", 26 Tex.B.J. 731 (1963).

■ In support of the Cole main contention, (see above) he has cited cases from Indiana, Iowa, and Pennsylvania, Federal cases, and Texas cases, all involving appeals from administrative decisions to the Court for judicial review. They constituted cases to be distinguished because in such other

states judicial review is limited to the record already made before the administrative body. In Texas, under the Substantial Evidence Rule, we are obliged to consider the evidence in court as well as that actually introduced before the administrative body by the theory that if it be shown that the evidence could have been introduced it is to be deemed to have been introduced whether that was the fact or not, if to consider it would be to support the ruling and decision of the administrative body.

The distinguishable out-of-state cases cited by Cole were: *Hamilton v. Unemployment Compensation Board of Review*, 181 Pa.Super. 113, 124 A.2d 681 (1956, no writ history); *Jackson v. Review Board of Indiana Employment Security Division*, 124 Ind. App. 648, 120 N.E.2d 413 (1954, no writ history); *McComber v. Iowa Employment Security Commission*, 254 Iowa 957, 119 N.W.2d 792 (1963).

Two Federal cases cited by Cole likewise constitute authorities to be distinguished as applied to cases in Texas to which the Substantial Evidence Rule have application. These cases do involve administrative determinations, but one of the appeals (*National Geographic Society* case) was brought pursuant to the Federal Administrative Procedures Act, (5 U.S.C.A. Sec. 554 through 557 and the Federal Statutes for judicial review of administrative action, 5 U.S.C.A. Sec. 701, et seq.), and the others pursuant to the Public Utility Holding Act of 1935, specifically 15 U.S.C.A. Sec. 79x, "Court review of orders." Under these Federal Acts appeal procedure involves review of the administrative determinations of fact based upon the record made before the administrative body and not on a new record in court. The cases cited were: *National Geographic Society v. District Unemployment Compensation Board*, 141 U.S.App.D.C. 313, 438 F.2d 154 (1970, no writ history); *Securities and Exchange Commission v. Chenery Corporation*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943); and *Securities and Exchange Commission v. Chenery Corporation*, 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995 (1947). These, like the out-of-state cases are not authorities from which Cole may derive benefit as applied to his Texas case.

Texas cases cited by Cole likewise fail to support his contention in that they do not involve application of the Substantial Evidence Rule as applied to facts underlying the ultimate ruling and decision made. We forego citing them.

Even were the cases upon which Cole relies applicable, we would be obliged to sustain the judgment of the trial court. Cole failed to prove the state of the evidence before the Commission, (aside from the evidence before the trial court and appropriate for that court's consideration insofar as it tended to support (not destroy) the administrative ruling and decision.) Cole must be held to have failed to bear and discharge the burden of proof incumbent upon him to entitle him to prevail by his appeal to this court, i. e., to prove that the ruling and decision of the Commission was not supported by substantial evidence.

The evidence before the Commission not having been placed before the trial court for examination and test—along with that which was introduced in court—the court did not have before it sufficient evidence in behalf of plaintiff to overcome the presumption against plaintiff of the validity of the Commission's order. In that state of the record it would have been reversible error for the trial court to have rendered judgment for Cole, though it was not like error to deny him the relief he sought by upholding and sustaining the Commission's order. *Cook Drilling Co. v. Gulf Oil Corporation*, 139 Tex. 80, 161 S.W.2d 1035 (1942).

Judgment is affirmed.