OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 29, 2002

The Honorable José R. Rodríguez
El Paso County Attorney
500 East San Antonio, Room 203
El Paso, Texas 79901

Opinion No. JC-0496

Re: Method of selection of the justice of the peace member of the El Paso County Bail Bond Board (RQ-0465-JC)

Dear Mr. Rodríguez:

You ask three questions about the El Paso County Bail Bond Board. We conclude that (1) a justice of the peace should be selected to serve on the board from among and by the eligible justices of the peace of the county by any reasonable method; (2) the term of office for bail bond board members is not fixed: each member's term of office is related to the particular office he represents on the board; and (3), generally speaking, a member of the board may not be removed by the commissioners court or by the board for failure to regularly attend meetings.

A bail bond board is mandated in every county with a population of 110,000 or more. TEX. OCC. CODE ANN. § 1704.051 (Vernon 2002). El Paso County is included within this category. *See* U.S. CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://www.census.gov/ (population of El Paso County is 679,622). Section 1704.053 designates twelve members of the county bail bond board, as follows:

A board consists of:

(1) the sheriff or a designee from the sheriff's office who must be the sheriff's administrator or a deputy sheriff of the rank of at least sergeant;

(2) a district judge of the county having jurisdiction over criminal matters and designated by the presiding judge of the administrative judicial district;

(3) the county judge, a member of the commissioners court designated by the county judge, or a designee approved by the commissioners court;

(4) a judge of a county court or county court at law in the county having jurisdiction over criminal matters and designated by the commissioners court;

(5) the district attorney or an assistant district attorney designated by the district attorney;

(6) a licensed bail bond surety in the county elected by other licensed bail bond sureties in the county;

(7) a justice of the peace;

(8) the district clerk or the clerk's designee;

(9) the county clerk or the clerk's designee, if the county clerk has responsibility over criminal matters;

(10) if appointed by the board, a presiding judge of a municipal court in the county;

(11) if the county's principal municipality designates a presiding judge in the municipal court system, the presiding judge or a municipal judge from the system designated by the presiding judge; and

(12) the county treasurer or the treasurer's designee or, if appointed by the commissioners court in a county that does not have a county treasurer, the person designated by the county commissioners court to perform the duties of the county treasurer.

TEX. OCC. CODE ANN. § 1704.053 (Vernon 2002). A county bail bond board originally consisted of only the first five persons on this list. *See* Act of May 18, 1973, 63d Leg., R.S., ch. 550, 1973 Tex. Gen. Laws 1520, 1521-22. The sixth and seventh members, including "a justice of the peace," were added to the statute in 1981. *See* Act of May 29, 1981, 67th Leg., R.S., ch. 312, 1981 Tex. Gen. Laws 875, 877. Subsequent amendments added the remaining five members.

You first ask how the justice of the peace member is selected. In every instance except that of the justice of the peace, the statute is specific as to the method of appointment of members to the bail bond board. In some cases, a particular official either serves on the board or designates someone else to do so (sheriff, district attorney, county judge, district clerk, county clerk, county treasurer). In other instances, a higher ranking official makes the appointment (district judge, presiding municipal judge of a principal municipality). In still other cases, the commissioners court (county or county court at law judge) or the board itself (presiding judge of a municipal court) makes the selection. Finally, the individual representing licensed bail bond sureties is "elected by other

licensed bail bond sureties in the county." But the statute's designation of "a justice of the peace" does not indicate how that officer is to be chosen.

Counties with a population of 50,000 or more must be divided into not less than four nor more than eight justice precincts. TEX. CONST. art. V, § 18. Consequently, there are at least several justices of the peace in every county that has a bail bond board. In El Paso County, there are seven justice precincts and seven justices. TEX. STATE DIRECTORY, COUNTY SECTION 343 (2002). Justices of the peace are of equal rank and have no "presiding" member. The fact that other officers, such as the sheriff, the county commissioners court, the presiding judge of an administrative judicial district, or the bail bond board itself, are specifically authorized to select particular members of the board suggests that those officers and boards may not select other members under section 1704.053. Where a statute authorizes the performance of an act, such as appointment to office, by a particular person, it may be inferred that those persons may not make other appointments under that statute. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). As a consequence, we must conclude that the statute is simply silent on the manner of selection of a justice of the peace member.

You suggest that the justices of the peace of El Paso County must choose their own representative to the bail bond board:

> Since there is no method for an election in the statute, the Justices of the Peace are left to devise their own method of selection. Since there is no prescribed election method, the choice of membership may be by acquiescence, that is, the failure of the other Justices of the Peace to object.

> Any agreement or arrangement among the Justices of the Peace must be recognized by all other members of the Board. In the event there is a dispute as to Justice of the Peace membership on the Bail Bond Board, the elected Justices of the Peace are the only persons with standing to complain.[1]

In our opinion, this is a fair and equitable solution. Section 311.021 of the Government Code, part of the Code Construction Act, states that, "[i]n enacting a statute, it is presumed" that, *inter alia*, "a just and reasonable result is intended" and "a result feasible of execution is intended." TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998); *see also City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264, 270 (Tex. App.–Dallas 1994, no writ); *Enochs v. Brown*, 872 S.W.2d 312, 318 (Tex. App.–Austin 1994, no writ); *Cole v. Tex. Employment Comm'n*, 563 S.W.2d 363, 367 (Tex. Civ. App.–Fort Worth 1978, writ dism'd). We believe that the justice of the peace member of the El Paso County Bail Bond Board should be selected by the justices themselves, whether by vote or by any other reasonable method. The county attorney should advise the justices of the peace

---

[1]Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable John Cornyn, Texas Attorney General at 3 (Nov. 13, 2001) (on file with Opinion Committee).

regarding any particulars of the selection process. *See* TEX. GOV'T CODE ANN. § 41.007 (Vernon 1988) (district or county attorney, on request, shall give written advice to county or precinct official).

You next ask about the terms of office of the various members of the bail bond board. Initially, we note that, as for the public officials serving on the bail bond board, membership does not constitute a second office. It is merely an "additional duty" attached to the original or parent office. Tex. Att'y Gen. Op. No. DM-55 (1991) at 4 (where independent school district is a component of a community college district, a school board member does not thereby hold a second office); Tex. Att'y Gen. LO-88-022 (where statute confers on mayor the duties of a magistrate, the mayor does not as a result occupy a second office).

Chapter 1704 of the Occupations Code does not indicate the duration of the terms of office of its members. Section 1704.053 implies, however, that the terms for certain elected officials are those attached to their parent offices. Those parent offices create the duty to serve on the bail bond board. The sheriff, the county judge, the district attorney, the district clerk, the county clerk, and the county treasurer serve four-year terms. As long as they hold their parent offices, they serve on the bail bond board or designate individuals to do so on their behalf. On the other hand, the four members designated or appointed by others – the district judge, the county or county court at law judge, the presiding judge of a municipal court in the county, and the presiding judge of the principal municipality – serve at the pleasure of the designating or appointing authority. Likewise, the term of the justice of the peace member is dependent upon both holding office as a justice of the peace and the continuing acceptability of his membership by his fellow justices. Therefore he too serves at the pleasure of his "appointing authority." The term of office of the board member who represents the licensed bail bondsmen, since he holds no other office, is limited by article XVI, section 30 of the Texas Constitution, which provides that "[t]he duration of all offices not fixed by this Constitution shall never exceed two years." TEX. CONST. art. XVI, § 30(a).

Finally, you ask whether a member of the bail bond board may be removed by the commissioners court or the board itself for failure to regularly attend meetings. Neither the commissioners court nor the bail bond board is given any general authority to remove members of the board. As we have noted, an appointing authority may remove its own appointees, and thus, the commissioners court may remove the judge of the county court or county court at law that it has designated for membership, and the board itself may remove a presiding judge of a municipal court that it appoints. Otherwise, membership on the board in certain cases attaches to the parent office, and in others, members may be removed by the appointing or selecting authority.

## S U M M A R Y

The justice of the peace member of the El Paso County Bail Bond Board should be selected from among and by the eligible justices of the peace of the county by any reasonable method. Members of the board who are members by virtue of their elective offices serve on the board for the duration of their elective offices. Members appointed or selected by others serve at the pleasure of the appointing or selecting authority. As a general matter, neither a commissioners court nor the bail bond board itself may remove members for failure to regularly attend meetings of the board.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee